# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:18CV129-RJC-DSC

| | |
|---|---|
| LISA G. WILDENBERG,<br>        Plaintiff, | )<br>)<br>) |
| vs. | )   **MEMORANDUM AND RECOMMENDATION**<br>)                       **OF REMAND** |
| NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>        Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on May 15, 2018. She assigns error to the Appeals Council's failure to remand following receipt of new and material evidence. Plaintiff's Memorandum at 4, 15-18 (document #10); Plaintiff's Reply at 2-6 (document #15) Id.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[2]  It is well settled that the Appeals Council must consider new evidence if it "is (a) new (b) material and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F. 2d 93, 95-96 (4th Cir. 1991) (en banc), superseded on other grounds by 20 C.F.R. §404.1527; 20 C.F.R. §§404.976(b)(1), 416.1476(b)(1). Such evidence is "material" if there is a reasonable possibility that the outcome would have changed had the ALJ reviewed that evidence. Id.; Savage v. Colvin, No. 3:12-CV-00394-RJC-DCK, 2013 WL 4495194, at *5 (W.D.N.C. Aug. 19, 2013) (same).

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

In her pre-hearing brief as well as at the hearing, Plaintiff argued that her conditions met or equaled Listing 14.06. (Tr. 306). In his hearing decision, the ALJ's discussion of Listing 14.06 was limited to the diagnostic criteria:

> Of note, it was argued that the claimant's conditions satisfied listing 14.06B, however during questioning it was admitted that the record does not document the requisite serologic (blood test) findings, such as rheumatoid factors or antinuclear antibody (consistent with autoimmune disorder).

(Tr. 20). The ALJ did not mention the severity requirements for Listing 14.06.[3]

After the ALJ issued his decision, Plaintiff filed a timely Request for Review of Hearing Decision. She also submitted results of a blood test showing positive antinuclear antibody findings. (Tr. 7-11). The Appeals Council stated that they received this evidence but were not considering it because it did not "show a reasonable probability that it would change the outcome of the decision." (Tr. 2). The evidence was incorporated into the record. The Appeals Council denied the Request for Review without further explanation.

Neither the ALJ nor the Appeals Council specifically considered the severity requirements of the Listing. In her brief, Defendant argues that had the ALJ considered the severity requirements, he would have found the impairment to be non-severe. See Defendant's "Memorandum …" at 7-10 (document #14). The Court declines to reconsider the evidence or

---

[3]In addition to a positive diagnostic test, Listing 14.06 also requires:
A. Involvement of two or more organs/body systems, with:
1. One of the organs/body systems involved to at least a moderate level of severity; and
2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
OR
B. Repeated manifestations of undifferentiated or mixed connective tissue disease, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
1. Limitation of activities of daily living.
2. Limitation in maintaining social functioning.
3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

4

speculate as to what the ALJ would have done had the blood test been in the record. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016) ("an ALJ must build an accurate and logical bridge from the evidence to his conclusions.") (internal quotations omitted); Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (it is "not our province –nor the province of the district court – to engage in these [fact-finding] exercises in the first instance.").

For this reason, the undersigned respectfully recommends that this matter be remanded for a new hearing. By recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**,[4] and this matter be **REMANDED** for a new hearing pursuant to

---

[4]In recommending reversal of the Commissioner's decision, as noted above, the Court expresses no opinion as to the merits of Plaintiff's claim for disability. Reversal here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently that decision cannot

5

Sentence Four of 42 U.S.C. § 405(g).[5]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

---

stand. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" Raney v. Berryhill, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985); Dong Sik Kwon v. Immigration & Naturalization Serv., 646 F.2d 909, 916 (5th Cir. 1981)); see also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which he stated for doing so.").

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: January 15, 2019

David S. Cayer
United States Magistrate Judge

7